UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARTEZE D. HAMMONDS Dr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01669-SEB-MG |
| | ) | |
| PURDUE UNIVERSITY BOARD OF TRUSTEES in their official capacities, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court in this Title VII race discrimination case is a Motion to Transfer Venue, filed by Defendant Purdue University Board of Trustees. [Filing No. 18]. Defendant asks the Court to transfer this case to the U.S. District Court for the Northern District of Indiana (Fort Wayne Division) pursuant to 28 U.S.C. § 1404(a) because all the events giving rise to the claim occurred in Fort Wayne or West Lafayette. Plaintiff did not oppose or otherwise respond to Defendant's Motion.

Section 1404(a), which is a codification of the doctrine of *forum non conveniens*, permits a district court to transfer a case to another district if the court finds that the "convenience of parties and witnesses" and the "interest of justice" justify a transfer. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Transfer is appropriate under § 1404(a) when "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Moore v. Magiera Diesel Injection Servs., Inc.*, 2019 WL 2502029, at *2 (N.D. Ill. June 17, 2019) (internal

1

quotation marks and citation omitted). The moving party bears the burden of establishing that a transfer is warranted. *Id.*

As to the first prong, venue is proper in the Northern District of Indiana (the proposed transferee court) because "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District. 28 U.S.C. § 1391(b)(2). The alleged discrimination occurred while Plaintiff was employed as the Chief Diversity Officer at Purdue University Fort Wayne located in Fort Wayne. [Filing No. 1 at 2-5]. Fort Wayne is in the Northern District.[1] Venue is also proper in this Court (the transferor court) because under Title VII, venue may lie in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). The alleged employment practice happened in Indiana, so venue may also lie in the Southern District. Because either district is a proper venue, transfer to the Northern District is allowed under the first § 1404(a) prong.

The second prong analyzes convenience and considers factors such as "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of witnesses; and (5) the convenience of the parties." *Moore*, 2019 WL 2502029, at *3 (internal citation, alteration, and quotation marks omitted). The first convenience factor favors the Southern District because Plaintiff filed here. However, the Court notes Plaintiff does not reside in the Southern District. [Filing No. 1 at ¶ 1].

The remaining convenience factors favor transfer to the Northern District of Indiana. The Northern District is the more convenient forum for both parties—Purdue's primary campus is in West Lafayette, and Plaintiff lived and worked on Defendant's Fort Wayne campus when the

---

[1] https://www.innb.uscourts.gov/district-composition.

2

alleged Title VII violations occurred. [Filing No. 19 at 5]. *Williams v. Am. Coll. of Educ.*, 2017 WL 2424227, at *6 (N.D. Ill. June 5, 2017) ("[I]n Title VII cases, courts recognize that the location where the employee suffered from the unlawful employment practice is a key situs of material events."). Next, Plaintiff's personnel files are maintained by Purdue University Fort Wayne, and "records related to the allegations in Plaintiff's complaint, including investigative and disciplinary records, are maintained by both Purdue University Fort Wayne and at Purdue's main campus in West Lafayette." [Filing No. 19 at 10-11]. Plaintiff has not presented the Court with reason to believe the Southern District houses evidence relevant to his claims and the time to do so has passed. And, as currently identified, all non-party witnesses are in the Northern District of Indiana. [Filing No. 19 at 11-12].

Finally, the Court considers the third prong—the interest of justice. "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Among the considerations of this prong are "the respective desirability of resolving controversies in each locale" and "the relationship of each community to the controversy." *Id.* Under this third prong, courts can also consider judicial economy by comparing caseload congestion in the transferor and transferee districts.

Fort Wayne and West Lafayette—the two places where the alleged actions took place—are assigned to the Northern District of Indiana. Respect for the lines demarcating judicial districts weighs in favor of this case being resolved in the Northern District of Indiana. Weighing judicial economy leads to the same conclusion—given the publicly available information about the

Southern District's caseload, proceeding in the Northern District may allow for swifter resolution of this case.[2]

Application of the § 1404(a) factors warrants transfer to the Northern District of Indiana. Therefore, the Court **GRANTS** Defendants' Motion to Transfer Venue, [18]. The Telephonic Status Conference set for February 25, 2025, is **VACATED**. The Court **ORDERS** the Clerk to transfer this case to the U.S. District Court for the Northern District of Indiana (Fort Wayne Division) for further proceedings.

Date: 1/28/2025

                    Mario Garcia
                    United States Magistrate Judge
                    Southern District of Indiana

Distribution via ECF to all counsel of record.

---

[2] https://www.uscourts.gov/data-news/reports/statistical-reports/federal-judicial-caseload-statistics/federal-judicial-caseload-statistics-2024-tables (providing the total civil cases filed in Northern District of Indiana and Southern District of Indiana for 2023 and 2024) and fcms_na_distprofile0930.2024.pdf (showing the Southern District ranks fourth nationally for pending cases per judgeship while the Northern District ranks 38th).

4